UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Daniel Pilgrim, et al., | ) | CASE NO.: 5:09CV879 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Universal Health Card, LLC, et al., | ) | (Resolving Doc. 29) |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court on a motion to strike class allegations filed by Defendant Universal Health Card, LLC ("UHC"). (Doc. 29). Having reviewed the pleadings, briefs, and applicable the law, the Court hereby GRANTS the motion to strike the class allegations and DISMISSES the complaint WITHOUT PREJUDICE.

**I. Facts**

Plaintiffs Daniel Pilgrim and Patrick Kirlin filed this action on behalf of themselves and all others similarly situated on April 16, 2009. In their complaint, Plaintiffs allege that they were "tricked" into signing up for a program that promised them discounts on health care services. Specifically, Plaintiffs contend that UHC used deceptive advertising to induce them into signing up for a program that offered them no tangible benefits. The complaint contains two causes of action. The first cause of action alleges violations of Ohio's Consumer Sales Practices Act ("OCSPA"), while the second cause of action alleges unjust enrichment.

On June 29, 2009, UCH moved to strike the class allegations in the complaint. On July 1, 2009, this Court held a case management conference. During the conference, the Court stayed briefing of the motion pending resolution of a secondary defendant's motion to dismiss. Following resolution of that motion, the Court set a briefing schedule in this matter. Plaintiffs opposed the motion on March 3, 2010, and UHC replied in support of its motion on March 10, 2010. The matter now appears before the Court.

**II. Legal Standard**

A recent decision from this district has outlined the standards surrounding a motion to strike class allegations.

> Seven requirements must be satisfied before a case may be maintained as a class action. There are two "implied" elements of Civil Rule 23: an identifiable class must exist and the definition of the class must be unambiguous, and the named representative must be a member of the class. Next, the party seeking certification of a class under Rule 23(a) must demonstrate that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Finally, "In addition to the prerequisites of Rule 23(a), a party seeking class certification must show that the class action is maintainable under Rule 23(b)."
>
> Plaintiff argues that this action can be maintained under Rule 23(b)(3) which requires this Court to find
>
>> that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims

2

> in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.
>
> "Before certifying a class action, district courts must conduct a 'rigorous analysis' into whether the movant has demonstrated that the action satisfies all of the prerequisites of Federal Rule of Civil Procedure 23(a)."
>
> The party seeking the class certification bears the burden of proof. The court "may not inquire into the merits of the class representatives' underlying claims, but should accept the complaint's allegations as true." A court may look beyond the pleadings on a class certification motion to determine what type of evidence will be presented by the parties.

*Faralli v. Hair Today, Gone Tomorrow*, 2007 WL 120664, at *4-5 (N.D.Ohio Jan. 10, 2007) (citations omitted). Moreover, the Sixth Circuit has held as follows:

> Mere repetition of the language of Rule 23(a) is not sufficient. There must be an adequate statement of the basic facts to indicate that each requirement is fulfilled. Maintainability may be determined by the court on the basis of the pleadings, if sufficient facts are set forth, but ordinarily the determination should be predicated on more information than the pleadings will provide ... The parties should be afforded an opportunity to present evidence on the maintainability of the class action.

*In re American Medical Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) (citation omitted).

### III. Analysis

1. <u>Overbroad</u>

UHC initially contends that the proposed class is overbroad. The complaint seeks to maintain an action on behalf of "all persons in the United States who were charged fees by Defendants… for the Card marketed, promoted, maintained and/or administered by Defendants, during the period from January 1, 2006, to the present." Doc. 1 at 17. Moreover, Plaintiffs concede that the class was "purposely broad." Doc. 43 at 19.

"A proposed class may be deemed overly broad if it 'would include members who have not suffered harm at the hands of the Defendant and are not at risk to suffer such harm.' 'A properly defined class includes only members who would have standing to

3

bring suit in their own right.'" *Chaz Concrete Co., LLC v. Codell*, 2006 WL 2453302, at *6 (E.D.Ky. Aug. 23, 2006) (citations omitted). In the instant matter, Plaintiffs concede, as they must, that 4,726 of the 30,850 consumers that bought the Card remain with UHC, essentially complaint free. These consumers, therefore, have suffered no harm and could not permissibly bring suit on their own. The class as alleged, therefore, is overbroad.

2. Commonality and Predominance

While overbreadth of the class may not be in itself fatal, when coupled with failure to meet the remaining requirements, the motion to strike must be granted.

Rule 23(a)(2) provides that, in order for a class to be certified, there must be "questions of law or fact common to the class." Fed.R. Civ.P. 23(a)(2). "The commonality test is qualitative rather than quantitative, that is, there need be only a single issue common to all members of the class." *American Medical Sys.*, 75 F.3d at 1080 (citation omitted). Moreover, the "questions of law or fact common to class members [must] predominate over any questions affecting only individual members[.]" Fed.R. Civ.P. 23(b)(3).

In the instant matter, UHC has persuasively argued that these elements have not been satisfied. Initially, the Court must address the issue of which law will apply to the claims raised by Plaintiffs. This decision must be made because

> [i]f more than a few of the laws of the fifty states differ, the district judge would face an impossible task of instructing a jury on the relevant law, yet another reason why class certification would not be the appropriate course of action. *See, e.g., Dalkon Shield*, 693 F.2d at 850 (commonality requirement not met where fifty jurisdictions in which cases arose did not apply same punitive damage standards).

*American Medical Sys.*, 75 F.3d at 1085.

4

Ohio law on choice-of-law rules governs this dispute. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *Cole v. Mileti*, 133 F.3d 433, 437 (6th Cir. 1998). Under Ohio law, in a tort case such as the one pled herein, the law of the state in which the place of injury occurred usually controls, unless another state has a more significant relationship with the case. *Morgan v. Biro Mfg. Co., Inc.*, 15 Ohio St.3d 339, 342 (1984). The factors that this Court must consider in determining whether another state has a more significant relationship are as follows:

> (1) the place of the injury; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; (4) the place where the relationship between the parties, if any, is located; and (5) any factors under Section 6 ... [of the Restatement] which the court may deem relevant to the litigation.

*Id.* (citation omitted).

In the instant matter, the Court notes that Plaintiffs actually alleged violations of the Ohio Consumer Sales Practice Act *and* violations of other, similar state laws in the complaint. In their opposition to the current motion, Plaintiffs have expressly taken the position that Ohio law should govern all the claims in this action. Under the framework set forth above, this position is untenable.

It is undisputed that the place of injury for these actions is the home state of the individual class members. Plaintiffs' sole argument on this issue consists of the fact that the advertisements and website at issue emanate from Ohio, UHC's principle place of business. Standing alone, this is insufficient to apply Ohio law to a nationwide class for several reasons. First, Ohio courts have found that the OSCPA cannot apply to consumers outside the state of Ohio. *See Chesnut v. Progressive Cas. Ins. Co.*, 166 Ohio App.3d 299, 305-06 (2006) (rejecting a claim that the OSCPA should apply because

5

"Progressive is headquartered in Ohio [and] the policies and procedures [at issue] emanate from Ohio"); *see also Delahunt v. Cytodyne*, 241 F.Supp.2d 827 (S.D.Ohio 2003) (striking claims sought to be brought on behalf of consumers that did not purchase the suspect product within the state of Ohio).

Second, the Court agrees with the extensive analysis put forth by UHC demonstrating that consumer laws and the law on unjust enrichment vary significantly from state to state. Courts have likewise accepted this argument.

> Numerous courts, including the Seventh Circuit, have dealt with this question. Overwhelmingly, those courts have found material conflicts among the fifty states' laws on the claims plaintiffs bring in this case and have denied class certification, at least in part, on that basis. *E.g., Bridgestone/Firestone*, 288 F.3d at 1015 (applying Indiana law, but noting "state laws about theories such as those presented by our plaintiffs differ, and such differences have led us to hold that other warranty, fraud, or products liability suits may not proceed as nationwide class action"); *Vulcan Golf, LLC v. Google Inc.*, 254 F.R.D. 521, 532-33 (N.D.Ill. 2008) (finding that differences in state law on unjust enrichment precluded certification of nationwide class; citing numerous other cases stating the same); *Siegel v. Shell Oil Co.*, 256 F.R.D. 580, 583-85 (N.D.Ill. 2008) (denying class certification under FCRP 23(a)(2) and (b)(3), because plaintiffs failed to establish commonality, superiority and predominance due to multi-state law conflicts; describing the material differences in state laws on unjust enrichment and consumer protection; citing numerous other cases stating the same).

*In re McDonald's French Fries Litigation*, 257 F.R.D. 669, 673-74 (N.D.Ill. 2009). "State consumer-protection laws vary considerably, and courts must respect these differences rather than apply one state's law to sales in other states with different rules." *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002) (citing *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 568-73 (1996)). "Because these claims must be adjudicated under the law of so many jurisdictions, a single nationwide class is not manageable." *Id.*

6

The same analysis holds true herein. Plaintiffs allege any number of deceptive practices occurred in the sale of the Card. To succeed, each individual class member would be required to demonstrate that the law of its state was violated through UHC's marketing and sale of the Card. Such a task would make this case unmanageable as a class action.

Furthermore, it is not only the distinct number of laws that must apply that require granting the motion to strike. There are also no issues of fact that predominate among the class. Plaintiffs allege as follows in their complaint: 1) the Card was worthless because of a lack of local providers, 2) the Card did not adequately explain that it was not health insurance, and 3) the advertisements did not clearly identify that the Card was not "free" in all respects. Read more broadly, the complaint likely would contain even more allegations. Regardless, just reviewing these three allegations makes it clear that a member-by-member inquiry would be required for each putative class member. The extent and location of local providers would differ for and each and every putative class member. Whether the Card and its advertisements adequately explained that it was not health insurance is also a murky issue, dependent on a specific factual inquiry. This is made clear by the fact that one named plaintiff contends that he was confused by this fact, while the other makes no mention of such confusion.

Plaintiffs attempt to avoid this result by asserting that the advertisements were substantially similar across the country and that UHC employees had a "script" to deal with incoming calls. However, as noted above, each state has distinct laws involving consumer protections. The record reveals that the differences in advertisements across the country, however slight, were specifically designed to comply with the laws of the

7

individual states. Thus, in this matter, the minor distinctions in each advertisement make all the difference. As such, this Court would be left to attempt to navigate, or have a jury navigate, each individual advertisement and the appropriate state law for that advertisement. Such a task is simply not possible.

3. Summary

The Court is mindful of Plaintiffs' contention that this motion to strike is premature. Plaintiffs effectively contend that they should be permitted to engage in class discovery and move for class certification. According to Plaintiffs, at that time, UHC could make the arguments it raised herein. Plaintiffs, however, ignore that the current motion is procedurally permissible. Moreover, there is no amount of discovery that could remedy the problems identified by the Court above. Regardless of discovery, the Court would be required to utilize the state law of every state in which a consumer purchased the Card. Moreover, the Court would be required to examine the particular advertisement relied upon by that consumer and the recorded conversation that occurred when the consumer purchased this Card. Finally, while not relied upon by the Court, there is no doubt a lingering issue regarding the fact that the Card was sold at two different levels, a Gold and Silver, which would only further make this proposed class action unmanageable.

## IV. Conclusion

UHC's motion to strike the class allegations is GRANTED. Without the class allegations, the individual plaintiffs cannot satisfy the amount in controversy necessary to maintain jurisdiction in this Court. Accordingly, the complaint is hereby dismissed without prejudice.

IT IS SO ORDERED


March 25, 2010 /s/ *Judge John R. Adams*
Date JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT

9